**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Richard Harper,<br><br>    Plaintiff,<br><br>v.<br><br>Maverick General Contractors LLC,<br><br>    Defendant. | No. CV-16-04210-PHX-ESW<br><br>**FINDINGS OF FACT AND FINAL JUDGMENT** |

Based on the evidence and testimony given at the properly noticed hearing held on November 29, 2018, the Court hereby finds as follows and enters judgment as follows:

**FINDINGS OF FACT**

1. This Court has jurisdiction over the subject matter and the parties hereto pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.
2. Venue is proper under 28 U.S.C. § 1391(b) because all of the events or omissions giving rise to this matter occurred in this District.
3. Plaintiff brought this action against Defendant for unlawful failure to pay overtime wages in direct violation of the Fair Labor Standards Act, 28 U.S.C. § 201 *et seq*. ("FLSA") and Arizona's Minimum Wage Act A.R.S. § 23-363 *et seq*.
4. Defendant had a consistent policy and practice of requiring its employees to work well in excess of forty (40) hours per week without paying them time and

a half for hours worked over forty (40) hours per week and not paying minimum wage.

5. Under Arizona law, employers are required to pay minimum wage, set by the State at a rate of $8.05 during the time Plaintiff worked for Defendant from June 21, 2016 to September 19, 2016.

6. An employer who fails to properly pay minimum wages to an employee is liable to the employee in the amount of wages owed, interest on the unpaid wages, and as damages "an additional amount equal to twice the underpaid wages." A.R.S. § 23-364(G).

7. The provisions set forth in 29 U.S.C. § 207 of the FLSA apply to Defendant.

8. At all relevant times, Defendant was and continues to be an "employer" as defined in 29 U.S.C. § 203(d).

9. Defendant should be deemed an "employer" for purposes of the FLSA including, without limitation, 29 U.S.C. § 216.

10. At all times material to this action, Defendant was and continues to be an "enterprise engaged in commerce or in the production of goods for commerce" as defined by 29 U.S.C. § 203(s)(1).

11. Plaintiff engaged in commerce or in the production of goods for commerce and is therefore individually covered under the FLSA pursuant to 29 U.S.C. §§ 206(a), 207(a)(1), 212(c).

12. Plaintiff was involved in contacting customers across state lines via interstate telephone calls or the U.S. Mail.

13. Plaintiff was involved in ordering or receiving goods from out-of-state suppliers.

14. Plaintiff also handled credit checks that involved the interstate banking and finance systems.

15. At all relevant times, the annual gross revenue of Defendant exceeded, and continues to exceed, $500,000.00.

16. Maverick General Contractors LLC, doing business as New Sun Energies, is a

solar installation company operating in Arizona, Texas, and New York.

17. Defendant hired Plaintiff on June 21, 2016 as a Sales Assistant.
18. Plaintiff worked for Defendant until September 19, 2016.
19. Plaintiff's job duties were to prepare sales proposals, run credit checks, contact customers, and provide high level reporting among other duties.
20. Plaintiff was a non-exempt employee under the FLSA.
21. Defendant compensated Plaintiff at a bi-weekly rate of $1,200.00 and thus a weekly rate of $600.00 per week.
22. Plaintiff's time sheets show the hours Plaintiff worked every week.
23. Plaintiff's timesheets show that he worked 357.67 hours of overtime in an 11 week span from June 27, 2016 through September 19, 2016.
24. Plaintiff's hourly rate was $15.00 per hour.
25. Plaintiff is owed unpaid overtime as follows: 357.67 hours at $22.50 per hour which equals $8,047.58.
26. Under the FLSA 29 U.S.C. § 216(b) Plaintiff is owed an equal amount as liquidated damages in the amount of $8,047.58.
27. On work weeks June 27, July 11, July 18, August 22, and August 29, 2016, Plaintiff worked in excess of 74.6 hours per week. Therefore, his compensation for those weeks was below the Arizona minimum wage of $8.05 per hour. Thus he is owed $347.19 in unpaid minimum wages for those weeks.
28. Plaintiff is entitled to a minimum wage penalty in the amount of $347.19 pursuant to A.R.S. § 23-364(G).

## FINAL JUDGMENT

Based on the evidence and testimony presented, the exhibits entered into evidence, Plaintiff's Declaration of Taxable Costs, and good cause showing,

IT IS ORDERED awarding judgment in favor of the Plaintiff and against the Defendant as follows:

| | | |
|---|---|---|
| 1 | Unpaid overtime | $8,047.58 |
| 2 | Unpaid minimum wage | $347.19 |
| 3 | Liquidated Damages | $8,047.58 |
| 4 | Minimum wage penalty | $347.19 |
| 5 | Taxable costs | $778.50 |
| 6 | Total | $17,568.04 |

Plaintiff is awarded interest on the judgment in an amount allowable by law.

Dated this 30th day of November, 2018.

_____
Honorable Eileen S. Willett
United States Magistrate Judge